In three related neglect proceedings pursuant to Family Court Act article 10, the children Jocelyne A., Jeffery A., and Justin A. appeal, as limited by their brief, from (1) so much of an order of the Family Court, Queens County (Richroath, J.), dated May 14, 2012, as denied that branch of their motion which was to permit unsupervised visitation between Jocelyne A. and her father, and (2) so much of an order of disposition of the same court dated July 9, 2012, as limited the contact between Jocelyne A. and her father to supervised visitation.
Ordered that the appeal from the order dated May 14, 2012, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,
Ordered that the appeals by Jeffery A. and Justin A. from the order of disposition are dismissed, without costs or disbursements, as academic and because they are not aggrieved by the portion of the order of disposition appealed from (see CPLR 5511); and it is further,
Ordered that the appeal by Jocelyne A. from the order of disposition is dismissed as academic, without costs or disbursements.
In March 2012, the petitioner, Administration for Children’s Services, commenced three related neglect proceedings against the father, relating to three children, Jocelyne A., born in 1997, and her brothers Jeffery A., born in 1996, and Justin A., born in 2007. The father was charged in the Criminal Court with respect to his conduct against Jocelyne A. and, on June 11, 2012, pleaded guilty to harassment in the second degree (see Penal Law § 240.26). On the same day, the Criminal Court issued an order of protection effective until June 11, 2013, which prohibited all contact between the father and Jocelyne A., “[s]ubject to all subsequent Family Court orders of visitation and custody [the father] must observe for the purposes of protection.”
In an order of disposition dated July 9, 2012, the Family Court released the children to the custody of the mother, awarded the father unsupervised visitation with Jeffery A. and Justin A., and limited the father’s contact with Jocelyne A. to supervised visitation, on the ground that “the full stay away order of protection from Criminal Court prevents the Family Court from *778 allowing unsupervised contact between Jocelyne and her father, but should the Criminal Court modify the order of protection, the Court will consider an application to put in place unsupervised visitation between Jocelyne and her father.” The children, by their attorney, appeal from so much of the order of disposition as limited contact between Jocelyne A. and the father to supervised visitation.
After the appeal from the order of disposition was perfected, the Criminal Court issued an amended order of protection, and the Family Court, based upon the amended order of protection, rendered a new disposition permitting the father to return to the home. The new disposition rendered the instant appeal from the order of disposition academic (see Matter of Brianna L. [Marie A.], 103 AD3d 181 [2012]). The exception to the mootness doctrine for cases presenting a recurring issue of public importance typically evading review is no longer applicable to the issue presented on this appeal, since that issue has been reviewed in Matter of Brianna L. (id.). Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.